**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| CORNER MARKET ET AL., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 3:18-cv-05096-SRB |

# ORDER

Before the Court is Defendant the United States of America's ("Defendant") Motion for Summary Judgment. (Doc. #31). Upon consideration of the parties' briefing, the exhibits thereto, and the arguments made at the motion hearing, the motion is DENIED.

## I. Legal Standard

"Summary judgment is appropriate if the evidence, viewed in the light most favorable to the [nonmovant] and giving [the nonmovant] the benefit of all reasonable inferences, shows there are no genuine issues of material fact and [the movant] is entitled to judgment as a matter of law." *Price v. N. States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011) (citation omitted); Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute over a material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact." *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011) (citation omitted).

Normally, "summary judgment should not be granted if a reasonable *jury* could find for the nonmoving party." *Woodsmith Publ'g Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir.

1990) (emphasis added) (citing *Anderson*, 477 U.S. at 248). This case, however, is set for a bench trial. At trial this Court will be the trier of fact. As a result, the Court finds it most appropriate to highlight in this Order the disputed and/or competing facts necessitating the finding that none of the arguments raised by Defendant entitle it to judgment as a matter of law without parsing the record with the same level of detail as might be necessary in a jury-tried case. *See Int'l Bhd. of Elec. Workers Local Union No. 231 v. Pottebaums Serv. Elec., L.L.C.*, No. C 10-4096-MWB, 2013 WL 5936656, at *2 (N.D. Iowa Nov. 6, 2013) ("Little purpose would be served by my engaging in a detailed analysis of whether there are questions for a trier of fact, when I will *be* the trier of fact in the subsequent bench trial.")

**II.     Background**

Plaintiff Nitin Kantilal Patel ("Patel") was the owner and operator of a convenience store called Corner Market located at 419 West 4th Street in Joplin, Missouri. More specifically, Patel's company, Bjrang Bali LLC, owned the real estate and Patel's other company, Shree Ram LLC, operated Corner Market. Patel and Corner Market (collectively "Plaintiffs") were charged by the United States Department of Agriculture's ("USDA") Food and Nutrition Service agency with violation of the Supplemental Nutrition Assistance Program ("SNAP") regulations. The USDA permanently disqualified Plaintiffs from participating in SNAP as an authorized retailer. Following the disqualification, Corner Market's revenue severely deteriorated. Patel, through Shree Ram LLC, continued operating Corner Market until the property, inventory, and equipment could be sold.

An entity called Kanji LLC entered into a contract with Bjrang Bali LLC and Shree Ram LLC to buy all of the real estate, buildings, and structures located at 419 West 4th Street, as well as all inventory and equipment in the building. The details of the transaction are disputed. The

USDA subsequently informed Plaintiffs that a $55,000 Transfer of Ownership Civil Money Penalty ("TOCMP") was being assessed against them for selling the store following their permanent disqualification from participating in SNAP as authorized retailers. Plaintiffs subsequently filed an administrative appeal. The USDA Administrative Review Branch denied the appeal, affirming the USDA's decision to issue the TOCMP. Plaintiffs then filed this judicial appeal, seeking reversal of the issuance of the TOCMP. Defendant moves for summary judgment, arguing it is undisputed that Patel unlawfully sold Corner Market. Plaintiffs argue that Patel lawfully sold the real estate that had been occupied by Corner Market along with the inventory and equipment.

### III.     Discussion

"In the event any retail food store . . . which has been disqualified [from participating in SNAP] is sold or the ownership thereof is otherwise transferred to a purchaser or transferee, the person or other legal entity who sells or otherwise transfers ownership of the retail food store . . . shall be subjected to and liable for a [TOCMP.]" 7 C.F.R. § 278.6(f)(2); 7 U.S.C. § 2021(e)(1). The TOCMP seeks to "prevent [ ] illicit transfer of ownership in order to evade the sanctions of the statute." *Anton v. United States*, 225 F. Supp. 2d 770, 778 (E.D. Mich. 2002) (internal quotation marks omitted) (quoting *Traficanti vs. United States*, 227 F.3d 170, 176 (4th Cir. 2000)). "If no transfer penalty were imposed, [a store owner] could nominally sell his business while retaining de facto control over the enterprise.'" *Id.* (quoting *Traficanti*, 227 F.3d at 176).

A disqualified retail food store may request administrative review of the assessment of a TOCMP. *See* 7 U.S.C. § 2023(a)(3); 7 C.F.R. § 279.1. If the disqualified retail food store feels aggrieved by the administrative law judge's determination, it may obtain judicial review thereof. *See* 7 U.S.C. § 2023(a)(13); 7 C.F.R. § 279.1. A district court conducts a *de novo* review of

whether a disqualified retail food store was sold, or the ownership thereof was otherwise transferred. 7 U.S.C. § 2023(a)(15); 7 C.F.R. § 279.7(c); *see, e.g., Bon Supermarket & Deli v. United States*, 87 F. Supp. 2d 593, 598 (E.D. Va. 2000) (internal citation omitted). Courts look to the totality of the circumstances to determine if the sale of a disqualified store occurred. *See, e.g., Petra Mini Mart, Inc. v. United States*, No. 16-CV-4573, 2017 WL 2445134, at *3 (N.D. Ill. June 6, 2017); *Estremera v. United States*, 442 F.3d 580, 584 (7th Cir. 2006).

The Court finds there are genuine issues of material fact that remain for trial, and Defendant has not proven it is entitled to judgment as a matter of law. For example, the Commercial and Industrial Real Estate Sale Contract, which shows Patel's LLCs sold the real estate, inventory, and equipment to Kanji LLC, describes the property sold as "*business* and real estate[.]" (Doc. #31-4, p. 1) (emphasis added). Defendant argues the language of the contract, in addition to evidence of the nature of the sale to a single purchaser who opened a convenience store the day after Patel's store closed, demonstrates Corner Market was sold. On the other hand, an American Land Title Association settlement statement shows that only the real estate and inventory was sold. Plaintiffs argue the language of the settlement statement, in addition to evidence that Kanji LLC "applied for its own licensure, bank accounts, and tax identification number, and was always a separate entity," demonstrates Corner Market was not sold. (Doc. #34-1, ¶ 3).

The parties' arguments and the evidence on record illuminate the conflicting nature of the evidence and demonstrate that a weighing of the evidence will be required to determine whether Patel sold Corner Market. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [functions of the trier of fact.]") (internal citations and quotation

marks omitted). Further, considering the nature of the inquiry into the totality of the circumstances surrounding the alleged sale of Corner Market and the lack of binding and nonbinding case law that is directly on point with the facts of this case, the Court finds a genuine issue for trial remains. *See Gray v. FedEx Ground Package Sys., Inc.*, 799 F.3d 995, 999 (8th Cir. 2015) ("Where the record taken as a whole could lead a rational trier of fact to find for the nonmoving party, there is a genuine issue for trial.") (internal citation omitted).

### IV. Conclusion

Accordingly, Defendant the United States of America's Motion for Summary Judgment (Doc. #31) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: February 4, 2020